UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OREST BAIDAN,<br><br>   Plaintiff,<br><br>  v.<br><br>RAFAEL PADILLA,<br><br>   Defendant. | Case No. 24-cv-03865-SI<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITHOUT LEAVE TO AMEND** |

  Plaintiff Orest Baidan is representing himself. Baidan filed this lawsuit against Rafael Padilla alleging that Padilla discriminated against him on the basis of disability in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

  Because Baidan is proceeding *in forma pauperis*, the Court screened the initial complaint pursuant to 18 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss a complaint if the plaintiff "fails to state a claim upon which relief may be granted." In an order filed July 8, 2024, the Court dismissed the complaint because (1) Baidan sought monetary damages from Padilla, but Title III of the ADA only provides for injunctive relief; and (2) to the extent that Baidan claims that Padilla, who is a therapist, refused to meet with Baidan because he is disabled, the complaint did not contain any facts in support of the allegation that Padilla discriminated against Baidan on the basis of disability. The Court granted Baidan leave to amend the complaint to cure these deficiencies.

  Later the same day, Baidan filed an amended complaint. The amended complaint seeks injunctive relief and states that Baidan would like to seek services from Dr. Padilla in the future and would do so if Dr. Padilla "stops discriminating and provides reasonable accommodations as required by the ADA." Amended Compl. p. 2. The Court finds that these allegations are sufficient to provide Baidan with standing to bring his ADA claim against Dr. Padilla.

1       However, the amended complaint still does not contain any facts showing that Dr. Padilla discriminated against Baidan on account of his disability, and the documents attached to the original complaint undercut any claim of disability-based discrimination. Baidan alleges that on January 13, 2023, he was using a wheelchair due to several medical conditions, and that he "sought the services of Dr. Rafael Padilla for a court-ordered child custody evaluation, for which he was qualified." *Id.* ¶ 1. Baidan alleges that on January 13, 2023, he made four documented requests to meet with Dr. Padilla for the child custody evaluation, that Dr. Padilla was "fully aware of Plaintiff's disability," and that "Dr. Rafael Padilla responded with an immediate refusal to provide services, citing the need to adhere to the timeline set by the judge. However, Dr. Padilla's refusal to accommodate Plaintiff's disability by offering alternative meeting times or methods (given Plaintiff's mobility limitations and severe disabilities) indicates discriminatory intent." *Id.* ¶ 3. Baidan claims that this refusal constitutes a failure to provide reasonable accommodations required under the ADA. *Id.*

      Baidan attached to his original complaint copies of the January 13, 2023 email requests that he made seeking to meet with Dr. Padilla. The Court can consider those emails when evaluating the sufficiency of Baidan's allegations. *See Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994). The emails between Baidan and Dr. Padilla show that at 11:13 a.m. on Friday, January 13, 2023, Baidan emailed Padilla to schedule a meeting for that same day or on January 18, 2023. Padilla responded at 11:22 a.m. stating that he was booked for the rest of the day and that the 18th was not possible as he was submitting the report and recommendation to the court on January 17, 2023. Baidan requested "any dates available before 18th?" and explained that he had not contacted Padilla earlier because he "came back from medical treatment abroad" and had been dealing with various family and financial issues, to which Padilla responded, "Unfortunately I am unable to meet you before court. The timeline was set by the judge and I must adhere to the timeline." *See generally* Dkt. No. 1 (email attachments). Nothing in the email exchange between Baidan and Padilla suggests that Padilla discriminated against Baidan on account of disability. To the contrary, the emails submitted by Baidan and attached to his complaint show that Padilla told Baidan he could not meet with him because of court-ordered deadlines and the late timing of Baidan's requests. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) ("[W]e are not required to accept as

1  true conclusory allegations which are contradicted by documents referred to in the complaint."); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir. 2001) (affirming dismissal of complaint alleging that plaintiff basketball player's suspension and termination of contract were based on race discrimination where complaint attached an arbitration award showing that suspension and termination of contract were due to the player's misconduct).

Accordingly, because Baidan has not alleged any facts showing that Padilla discriminated against him on account of disability when Padilla refused to meet with him, and because the emails attached to the complaint contradict any claim of disability discrimination, the Court concludes that Baidan has failed to state a claim under the ADA and that future amendment would be futile. The Court DISMISSES the amended complaint without leave to amend.

**IT IS SO ORDERED**.

Dated: July 12, 2024

SUSAN ILLSTON
United States District Judge